## No. 129.—A. ARMSTRONG v. T. LECOMTE.

Article 128 of the State constitution of 1868, in declaring that "contracts for the sale of persons are null and void and shall not be enforced by the courts of this State," does not impair the obligations of a contract. It merely prohibits the execution of contracts that have been declared void by the sovereign power.

A third holder of negotiable paper before maturity is not excepted from the prohibition.

The prohibition against the enactment of laws impairing the obligations of contracts has no application to the sovereign power.

APPEAL from the District Court, parish of Natchitoches. *Orsborn, J. Pierson & Levy*, for plaintiff and appellant. *S. M. Hyams, Sr.*, for defendant and appellee.

HOWELL, J. This is a suit by a third holder, for value, before maturity, against the maker of a note, given as a part of the price of slaves and paraphed by the notary before whom the act of sale was passed.

The plaintiff has appealed from a judgment sustaining a peremptory exception founded on the one hundred and twenty-eighth article of the constitution of 1868, prohibiting the courts of this State from enforcing such contracts. His counsel present two questions for our consideration: ·

*First*—Does this case come within the provisions of said article, and—·

*Second*—Is not the said article in conflict with section 10, article 1, of the United States Constitution?

I. Article 128 of the State Constitution says: "Contracts for the sale of persons are null and void, and shall not be enforced by the courts of this State."

Its language is full, plain and comprehensive, including all contracts for the sale of persons. There is no limitation, no modification, no reservation in favor of those who were not originally parties to the contracts. It must be presumed that the convention was well aware of the principle of commercial law, invoked in behalf of commercial paper, and that, if it was intended or contemplated that third holders of such paper, for value, and without notice, given as the price of slaves, could enforce their payment against the purchaser, the reservation would have been expressly made. The very declaration that " all contracts for the sale of persons are null and void," reveals the scope of the said article and leaves no room for construction, and the prohibition allows no option to the courts, when it is shown that the contract sought to be enforced, whether by the vendor, his indorsee or other party, is one for the sale of persons. The obligation, contracted by the maker, was to pay the price of the slaves to the vendor or any other holder of the note which represents that price, and it is not within the power of the courts to enforce it.

II. The provision of the Constitution of the United States, with which it is contended the said article of our constitution conflicts, is that no State shall pass "any law imparing the obligation of contracts."

This would apply as well in the case of the contracting parties as to third holders of notes given in accordance with the terms of the contract, and the question arises, whether or not the organic law of the State impairs the obligation of contracts.

In our opinion, as held in the Wainwright case, whatever obligation ever existed in contracts for the sale of persons was destroyed by the nation, composed of the States subject to the inhibition in review, and that the State, in its fundamental law, has only recognized and not produced the effect, and has required its courts to do the same.

A. Armstrong v. T. Lecomte.

The action of the nation in the prosecution of the late war, and the thirteenth and fourteenth amendments to the constitution, in demolishing and prohibiting slavery, have, as held in the Wainwright case, stricken all slave contracts with absolute nullity, and upon the principle which sustains the decision in that case, absolved the purchaser from all obligation to pay. "The prohibition against the enactment of laws imparing the obligations of contracts has no application to the sovereign power." Any and every claim for the loss or emancipation of slaves is expressly held to be illegal and void as to the United States and any State (section four, fourteenth amendment), and if so, no State can properly be called on, by virtue of the Constitution of the United States, for its authority through its courts to compel its citizens to pay the price of property lost to them by emancipation, a claim for which loss is expressly declared to be illegal and void. The fact that the note, which is the written evidence of the obligation, is in the hands of a third party, does not change the *origin* of the obligation.

We cannot avoid the conclusion that article one hundred and twenty-eight of the State Constitution applies to this action, and does not conflict with the Constitution of the United States, and that all commercial paper given for slaves and transferred before maturity for value, and without notice of its original consideration, falls within the prohibition to the courts.

It is therefore ordered that the judgment appealed from be affirmed with costs.

Howe, J. dissenting.